No. 37,416

NORMAN HURST, *Appellee*, v. THE HOME MUTUAL INSURANCE COMPANY OF DES MOINES, IOWA, *Appellant*.

(206 P. 2d 1059)

Opinion filed June 11, 1949.

*William P. Thompson*, of Wichita, argued the cause, and *A. W. Hershberger, J. B. Patterson* and *Richard Jones*, all of Wichita, were with him on the briefs for the appellant.

*Bernard Peterson*, of Newton, argued the cause, and *J. Rodney Stone*, of Newton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a policy of insurance. The defendant appeals from adverse rulings on its demurrer to plaintiff's evidence, on its demurrer interposed at the close of all of the evidence, and on its motion for a new trial.

For present purposes it may be said the petition alleged that plaintiff, who was engaged in the poultry and egg business at Larned, Kansas, procured a policy of insurance on his trucks, a copy of the policy being attached to the petition. Generally, the policy covered certain specified trucks and limited coverage to their use within a 300 mile radius of Larned. By an endorsement, trips outside the radius were allowed upon payment of stated amounts, and "In all cases the additional premium for single trips herein referred to must be paid by the Insured in advance to the Home Office of the Company before the trip starts and any such trip must be made within five (5) days after such notice and payment." Other endorsements on the policy are not of present importance. It was further alleged in the petition that the defendant, through its agent

Harkness, had waived provisions of the territorial endorsement and had agreed that the policy of insurance would cover trips made by the insured upon notice given to defendant's agent; that on December 12, 1945, plaintiff notified defendant's agent Harkness that one of his trucks was leaving for Albuquerque, New Mexico,· and that thereafter defendant, through its agent, received and collected the additional premium of $5 which was paid by plaintiff; that on December 13, 1945, a collision occurred in the vicinity of Barton, New Mexico, between plaintiff's truck and the automobile of one Gonzales, resulting in damage to Gonzales, and in accordance with the terms of the policy a report was made to the defendant, which denied any and all liability and refused to investigate the collision or engage in the defense of plaintiff; that thereafter suit was filed in New Mexico by Gonzales against plaintiff, as a result of which plaintiff sustained a loss in the total sum of $606.50; that plaintiff made due demand therefor from the defendant, which denied liability, and that by reason of all of his allegations plaintiff was entitled to recover judgment against the defendant in the sum of $606.50 together with a reasonable attorney's fee, for which he prayed judgment.

In its answer defendant denied generally, admitted issuance of the policy of insurance, denied any waiver of any provision of the policy or that Harkness was authorized to vary or change any provision of the policy or its endorsements; alleged that no notice was given it of any contemplated trip beyond the territorial limit on December 12, 1945, and that no premium was paid therefor and that during the trip and at the time of the accident described in the petition plaintiff was without insurance coverage under any policy issued by the defendant, and it prayed that plaintiff take nothing under his pretended cause of action and that it have judgment for costs.

Plaintiff's reply need not be noted.

Plaintiff offered considerable testimony tending to show that as the result of correspondence between Harkness, the local agent of the defendant, and one Groendycke, the defendant's state agent, the restrictions of the policy as to extraterritorial trips may have been relaxed, but in view of our conclusion later stated we shall not review that testimony, further than to state that even assuming authority of either the state agent or Harkness to agree to any

change, the only change was that notice of the trip and remittance of the extra premium was to be placed in the mail before the trip was made.

While we have grave doubt that the proof disclosed any notice of any kind to the company by reason of a claimed telephone or other word-of-mouth notification by the plaintiff to the agent Harkness of the trip of December 12, 1945, it is clear that no premium was ever paid by the plaintiff to the defendant for the trip.

It may here be said that Harkness had written Groendycke that plaintiff could not always tell in advance when an extraterritorial trip would be made so that notice thereof and remittance could be made, but that he could guarantee payment of the additional premium. Groendycke answered that any arrangement Harkness made with the insured as to payment would be satisfactory as long as notification was given of the trip and that notice must be in the mail. What of the payment of the premium? In his testimony in behalf of plaintiff, Harkness was interrogated and attempted to answer by saying he presumed he was paid by plaintiff but an objection that the answer was too indefinite and a motion that it be stricken were sustained.

Plaintiff as a witness in his own behalf was asked whether he paid a premium for the trip of December 12, 1945, and answered he paid all bills of statements rendered. This answer was stricken as not responsive and he was then handed exhibit "G" to refresh his recollection and asked if he paid for the trip of December 12, 1945, and answered "Yes." The exhibit to which he referred was a statement rendered to him by Harkness in August, 1946, and showed a number of items, one being for a trip of December 18th to Albuquerque. Exhibit "H" offered by plaintiff, which was a letter written by Harkness to the company under date of December 18, 1945, remitting $5 for the trip of December 18, 1945, disclosed that on December 18, 1945, a trip with another and different truck was made to Albuquerque, and that the payment made was for that trip. Plaintiff makes some argument that two premiums were paid, one by reason of exhibit "G" identified by plaintiff, and the second evidenced by exhibit "H." The contention is against the record. Harkness remitted to the company for the trip of December 18th, as he had agreed to do under his arrangement noted heretofore, and the statement plaintiff paid was to repay Harkness for the payment advanced. Both entries referred to the trip of December 18, 1945,

and not to any trip of December 12. This is made clear by a notation on the statement (exhibit "G") rendered to plaintiff by Harkness that "The December 12 trip seems to have been missed when we made out previous statements." There is no proof that payment of the premium for the December 12 trip was ever made by the plaintiff to either Harkness or the company, or that Harkness ever remitted to the company for plaintiff for that trip.

The result is that plaintiff failed to prove an element necessary to his recovery and the defendant's demurrer to his evidence should have been sustained.

The judgment of the trial court is reversed and the cause remanded with instructions to sustain the defendant's demurrer to plaintiff's evidence.